IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DIALYSIS CLINIC, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 1:10-cv-1051 |
| v. | ) | |
| | ) | |
| CITY OF DOTHAN, et al., | ) | (WO- DO NOT PUBLISH) |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Defendant Bay Line Railroad, LLC's ("Bay Line") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 11). For the following reasons, the motion is due to be DENIED.

### I. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, as the parties are completely diverse and the amount in controversy exceeds $75,000. The parties do not assert that this Court lacks personal jurisdiction over them, and there is no dispute that venue is proper pursuant to 28 U.S.C. § 1391(a).

### II. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Therefore, for the purposes of adjudging a Rule 12(b)(6) motion to dismiss, the Court will accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

While Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as a general matter, to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559. It is not sufficient that the pleadings merely leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 561 (internal quotation and alteration omitted).

If, as in this case, a party presents matters outside the pleadings for the Court's consideration on a Rule 12(b)(6) motion to dismiss, the Court may either exclude the evidence or construe the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

### III.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Dialysis Clinic, Inc. ("Dialysis") owned and operated a dialysis clinic in Dothan, Alabama. On March 28, 2009, flood waters entered the clinic and damaged the clinic's expensive dialysis equipment. Dialysis contends that the flood was caused by a

defectively designed culvert and drainage system designed by defendant Northstar and installed by defendants Bay Line and Chatahoochee Bay Railroad Inc. ("Chatahoochee"). Dialysis claims that Bay Line and Chatahoochee sought to widen the railroad line that runs above the culvert.  When the railroads widened the line, they installed a pipe to lengthen the culvert accordingly.  According to Dialysis, Bay Line and Chatahoochee installed a pipe that was too small to handle the volume of water draining into the culvert.  When heavy rains ensued, the water wasn't able to enter the culvert and flooded the Dialysis clinic.

Dialysis sued Bay Line and Chatahoochee, alleging that the railroads had a duty to use reasonable care when installing the culvert, and that they breached that duty by installing an undersized pipe to direct water into the culvert.  Dialysis seeks recovery on both negligence and wantonness theories of liability.

Bay Line has moved to dismiss the claims against it on the basis that Chatahoochee, and not Bay Line, owned the railroad line that runs above the culvert.  Bay Line contends that at no time did it ever own, maintain, repair, or modify the tracks located above the culvert in question here.  In support of its motion, Bay Line submits the affidavit of Allen D. Swindall, Bay Line's Assistant Vice President.

## IV.  DISCUSSION

Because Bay Line submitted evidence to support its motion to dismiss, the Court must either exclude the evidence or construe the motion as one made pursuant to Rule 56.

Because the parties have not had adequate time to complete discovery in this case, and therefore Dialysis had not had adequate opportunity to contradict Bay Line's factual assertions, the Court will not construe this motion as a motion for summary judgment. Therefore, the *Iqbal/Twombly* standard applies here.

As stated above, the Court must take as true all well-pleaded factual allegations contained in the complaint. The complaint clearly alleges that Bay Line constructed, designed, and maintained the culvert and widened the railroad line that runs over the culvert. (Doc. # 1 at ¶ 26, 36). Because the Court must take these allegations as true, Bay Line cannot establish as a matter of law that they owed no duty to Dialysis. It is hereby ORDERED that the motion to dismiss (Doc. # 11) is DENIED.

Done this the 9th day of May, 2011.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE